(No. 2530—

OLE NELSON AND JOSEPHINE NELSON, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 9, 1935.*

WILLIAM GREENE, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimants ask for compensation "In accordance with Section 7 of the Illinois Workmen's Compensation Act" for the death of their son, Harry Nelson, through accidental injuries sustained while the latter was an employee of the State of Illinois.

Said employee was working as an Assistant Engineer and in attempting to loosen a stake used in grade work on a paving project he injured his foot and ankle from which an infection developed, and as a result thereof and from pneumonia incident thereto, he died on July 11, 1934. The record discloses that Harry Nelson was unmarried and left surviving him his father, Ole Nelson, and his mother, Josephine Nelson; also three unmarried sisters. The father had been a structural iron worker but had been able to obtain only a small amount of work for two or three years before the death of the son. The record further shows that the three unmarried daughters were all working and contributed approximately two-thirds of the income received by the father and mother, and the son contributed approximately one-third of such income; the mother testifying "My income was around $1,500.00 * * * the son averaging around $500.00 or a little better." (Record page 23.)

The earnings of the deceased son were One Thousand Eight Hundred Dollars ($1,800.00) per year.

Section 7 of the Workmen's Compensation Act provides that the amount of compensation payable for injury resulting in the death of an employee shall be as follows:

"(c) if no amount is payable under Paragraph (a) or (b) of this section and the employee leaves any parent or parents—who at the time of the injury were partially dependent upon the earnings of the employee, then such proportion of a sum equal to four times the average annual earnings of the employee as such dependency bears to total dependency, but not less in any event than $1,000.00 and not more in any event than $3,750.00."

In his Statement, Brief and Argument, counsel for plaintiffs contends that under the foregoing state of proof, claimants are entitled to an award of One Thousand Two Hundred Fifty Dollars ($1,250.00) that being on the basis of one-third of the maximum amount provided by the Workmen's Compensation Act. Counsel for respondent concedes that such amount is due and the record supports the claim.

An award is therefore made in favor of Ole Nelson and Josephine Nelson jointly in the sum of One Thousand Two Hundred Fifty Dollars ($1,250.00.)